O

# United States District Court
# Central District of California

| | |
|---|---|
| KENRICO LTD,<br><br>                Plaintiff,<br><br>    v.<br><br>EVGENY LAPIK,<br><br>                Defendants. | Case No. 2:19-cv-07705-ODW(MAAx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SERVICE VIA EMAIL AND LEAVE TO TAKE DISCOVERY PRIOR TO THE RULE 26(f) CONFERENCE [13]** |

## I.    INTRODUCTION

Plaintiff Kenrico LTD ("Kenrico") moved for leave to take limited discovery prior to the Rule 26(f) conference. Kenrico seeks leave of the Court to identify Defendant Evgeny Lapik ("Lapik"), who has allegedly operated, managed, and/or maintained a scheme to sell products with false ingredients, using in part, a seller account on the website Amazon.com, Inc. to the harm plaintiff and consumers. Kenrico requests leave to serve Rule 45 subpoenas on two third-party sources, Google, Inc. ("Google"), and Amazon.com, Inc ("Amazon"). For the reasons below, the Court **GRANTS** Kenrico leave to serve a subpoena on Google and Amazon.[1]

---

[1] After carefully considering the papers filed in support of the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND

Kenrico is engaged in the business of manufacturing, selling and marketing a range of consumer products. (Compl. ¶ 7, ECF No. 1.) One of Kenrico's prominent products includes foot pads used for personal care. (Compl. ¶ 8, ECF No. 1.) Lapik also manufactures, sells and markets foot pads. (Compl. ¶ 11, ECF No. 1.) Kenrico alleges that Lapik has falsely represented and advertised its products contain the ingredient sporopollenin. (Mot. for Leave to Take Discovery ("Mot.") 5, ECF No. 13; Compl. ¶ 14.) Lapik allegedly uses Amazon to sell its fraudulent products under the seller account name Lapik. (Mot. 4.) Kenrico requested Amazon to provide information related to seller Lapik, Amazon provided Lapik's full name and the email address evgenii.lapik@gmail.com ("Email Address"). (Mot. 5) To stop Lapik's fraudulent solicitations, Kenrico sued Lapik for false advertising and unfair competition. (Compl. ¶¶ 15–25.) Attempting to ascertain Lapik's identity and serve the Complaint, Kenrico also investigated independently through various means. (Mot. 2–4.) Kenrico has been unable to identify Lapik's physical address for complete service other than through email. (Mot. 3.)

Kenrico now moves for leave to conduct early discovery and serve Lapik via Email Addresses. Specifically, Kenrico seeks to serve Rule 45 subpoenas on two third-party sources, (i) Google and (ii) Amazon. (Mot. 8.) From Google and Amazon, Kenrico seeks documents regarding Lapik's sales, identity, and physical address. (Notice of Service 2, ECF No. 16.) Kenrico asserts the information sought will enable it to identify Lapik and serve him in this action. (Mot. 8.)

## III. DISCUSSION

A court may authorize early discovery before the Rule 26(f) conference "for the parties' and witnesses' convenience and in the interests of justice." Fed. R. Civ. P. 26(d). Where a plaintiff does not know the identity of the defendants, the Ninth Circuit has found that a plaintiff "should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover

the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).

Courts within the Ninth Circuit generally consider whether a plaintiff has shown "good cause" for early discovery. *See, e.g.*, *Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 275–77 (N.D. Cal. 2002); *Uber Techs., Inc. v. Doe*, No. C 15-00908 LB, 2015 WL 1205167, at *3 (N.D. Cal. Mar. 16, 2015). To determine whether a plaintiff established good cause, courts consider whether the plaintiff has: (1) identified the Doe defendant with sufficient specificity as a real person who can be sued in federal court; (2) recounted the steps taken to locate and identify the defendant; (3) shown that the action can survive a motion to dismiss; and (4) established that the discovery is reasonably likely to lead to identifying information that will permit service of process. *Dhillon v. Does 1–10*, No. C 13-1465 SI, 2013 WL 5367783, at *1 (N.D. Cal. Sept. 25, 2013) (citing *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 578–80 (N.D. Cal. 1999)). Good cause may be found "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Assef v. Does 1-10*, No. 15-CV-01960-MEJ, 2015 WL 3430241, at *2 (N.D. Cal. May 28, 2015) (quoting *Semitool*, 208 F.R.D. at 276).

The Court considering Kenrico's papers and supporting documents, Lapik's failure to oppose Kenrico's Motion despite Kenrico delivering a copy of the Motion to the Email Address (Mot. 9.), finds that Kenrico has satisfied the four factors showing good cause. Without leave to conduct this early discovery, Kenrico is unable obtain this basic information necessary to serve Lapik with the Complaint and advance the administration of justice. Lapik will be notified of the subpoenas, as ordered below, and will have an opportunity to respond before Google and Amazon discloses any information. Finally, all information obtained by way of this early discovery shall be used only for the purpose of protecting Kenrico's rights as set forth in the Complaint, thereby limiting any potential prejudice to Lapik. Accordingly, the Court finds the

need for early discovery outweighs any potential prejudice and **GRANTS** Kenrico leave to serve a subpoena on Google and Amazon, as detailed below.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Kenrico's motion to serve a subpoena on Google and Amazon.

Specifically:

1. Kenrico may serve a subpoena pursuant to Federal Rule of Civil Procedure 45 on Google and Amazon to obtain documents sufficient to identify the following for the Email Addresses: contact information (name(s), address(es), telephone number(s), and email address(es)), registrant, and IP address(es) from which the Email Addresses were accessed (the "Identifying Information"). Kenrico must serve Google and Amazon with a copy of this Order attached to the subpoena;

2. Google and Amazon shall have 21 days from service of the subpoena to serve Lapik with a copy of the subpoena and this Order. Google and Amazon may serve Lapik using any reasonable means, including written notice sent to the last known address, transmitted either by first-class mail or via overnight service;

3. Kenrico, Lapik, Google, and Amazon shall each comply with the Federal Rules of Civil Procedure and Local Rules of this Court regarding any challenge to the subpoena (including objections and motions to quash or modify the subpoena);

4. If any motions are brought to quash or otherwise object to the subpoena, Google and Amazon shall preserve the Identifying Information pending resolution of such motions; and

5. Any information disclosed to Kenrico in response to the subpoena may be used solely for protecting its rights as set forth in the Complaint.

**IT IS SO ORDERED.**

November 5, 2019

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**