# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kenrico LTD, a Japan Limited Company,<br><br>　　　　　Plaintiff,<br>　v.<br><br>Evgeny Lapik d.b.a. LAPIK, an individual,<br><br>　　　　　Defendant. | **Case No. 2:19-cv-07705-ODW-MAA**<br><br>**CONSENT JUDGMENT AND PERMANENT INJUNCTION** |

The Court, pursuant to the Stipulation for Entry of Final Judgment, including Permanent Injunction, against Defendant Evgeny Lapik d.b.a. LAPIK ("Stipulation"), by and between Plaintiff Kenrico LTD through its counsel of record, and Defendant Evgeny Lapik d.b.a. LAPIK, *pro per*, filed concurrently herewith, AND GOOD CAUSE APPEARING hereby ORDERS, ADJUDICATES and DECREES that a final judgment, including a permanent injunction, shall be and hereby is entered against Defendant in the above-referenced matter as follows:

**1. FINDING OF FACTS.**

    a.    This case involves Plaintiff's claim for false advertising pursuant to 15 U.S.C. § 1125(a) and unfair competition under California Business & Professions Code § 17200 and California common law.

    b.    Plaintiff Kenrico is engaged in the business of manufacturing, selling and marketing a range of consumer products. One of Kenrico's most prominent products comprises footpads used for personal care that contain the ingredient sporopollenin.

    c.    Defendant Evgeny Lapik is an individual residing at the address:

        5111 South Regal Street

        Spokane, WA 99223

        Telephone (509) 900-7487

        Email: evgenii.lapik@gmail.com

    d.    Defendant Evgeny Lapik sells a competing foot pad product on the website Amazon.com under the seller name LAPIK.

    e.    Defendant warranted and admits the following facts in the Stipulation under penalty of perjury:

- Defendant sourced his foot pad products ("Accused Products") from Hebei Houde Hanfang Medical Devices Group Co. ltd. ("Alipads") and Alibaba Group ("Alibaba");
- Defendant was induced by Alipads to believe that the Accused Products contained the ingredient sporopollenin, when the Accused Products in fact did not contain any sporopollenin;
- Defendant admits that he used marketing material and content provided by Alipads that falsely represented the Accused Products' ingredients;

- Defendant admits that the Accused Products are of inferior quality to plaintiff's products and use retail packaging to mislead consumers; and,

- Defendant warrants he did not sell or offer for sale its foot pad products ("Accused Product") anywhere other than on Amazon.com.

f.  Defendant further represented and warrants that he: (i) purchased $1,630.00 in Accused Products from Alipads, (ii) sold $5,175.00 in Accused Products on Amazon.com; and realized a net profit of $1,416.00.

## 2. MONETARY JUDGMENT.

Pursuant to 15 U.S.C. § 1117(c), Plaintiff is entitled to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action. Notwithstanding the foregoing and pursuant to the parties' Stipulation and as ordered by this Court herein, Plaintiff is entitled to recover the total sum of Fifty Thousand Dollars ($50,000.00) on Plaintiff's complaint for damages.

## 3. PERMANENT INJUNCTION.

Defendant is hereby restrained and enjoined, pursuant to 15 United States Code ("U.S.C.") § 1116(a), from engaging in, directly or indirectly, or authorizing or assisting any third party to engage in, any of the following activities in the United States and throughout the world:

a.  Manufacturing, designing, importing, exporting, purchasing, marketing, advertising for sale, offering for sale, selling, distributing or otherwise dealing in any foot pad product falsely adverting its ingredients, including without limitation, the Accused Products.

b.  Defendant is ordered to dispose or deliver immediately to Plaintiff for destruction all Accused Products to the extent that any of these items are in Defendant's possession, custody, or control.

c. Plaintiff shall provide notice to Defendant and provide this Court with proof of service of this Final Judgment and Permanent Injunction within seven days. Thereafter, Final Judgement and Permanent Injunction shall be deemed to have been served upon Defendant.

d. Pursuant to Fed. R. Civ. P. 54(a), the Permanent Injunction is effective seven days after Plaintiff has provided Defendant notice of this Judgment and Permanent Injunction.

**4. NO APPEALS AND CONTINUING JURISDICTION.**

No appeals shall be taken from this Final Judgment, including the permanent injunction, against Defendant, and Defendant waives all rights to appeal. This Court expressly retains jurisdiction over this matter to enforce any violation of the terms of this Final Judgment, including the permanent injunction, against Defendant, as well as any violations of the terms of the Stipulation between the Parties.

**5. NO FEES AND COSTS.**

Each party shall bear their own attorneys' fees and costs incurred in this matter.

IT IS SO ORDERED, ADJUDICATED and DECREED

December 9, 2019

_____
OTIS D. WRIGHT, II
United States District Judge